UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                        No.  13-CR-271-LTS

RASHIN LINDSEY,

        Defendant.

-------------------------------------------------------x

MEMORANDUM ORDER

The Court has received Defendant Rashin Lindsey's pro se motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Docket Entry No. 995, the "Motion.")  On January 14, 2015, upon pleading guilty, Mr. Lindsey was convicted of one count of participating in a conspiracy to distribute and possess with intent to distribute controlled substances, including 500 grams and more of mixtures and substances containing heroin, in violation of 21 U.S.C. section 841(b)(1)(B) and section 846.  (Docket Entry No. 310.)  On May 15, 2015, the Court sentenced him principally to 164 months of imprisonment, to be followed by a six-year supervised release term.  (Docket Entry No. 388.)  Mr. Lindsey is currently incarcerated at the United States Penitentiary Canaan ("USP Canaan," a high security correctional facility in Pennsylvania), and is due to be released from Bureau of Prisons ("BOP") custody on May 6, 2025.  BOP, Find an inmate, https://www.bop.gov/inmateloc/ (last visited January 4, 2021).

Mr. Lindsey, who is 40 years old, seeks immediate release from custody, arguing that the spread of the COVID-19 virus at USP Canaan, and his family circumstances, constitute "extraordinary and compelling reasons" to reduce his sentence.  (See Motion at 1-3; see also Docket Entry No. 1042 ("Reply") at 1-2.)  On October 30, 2020, the Government filed its opposition to the Motion.  (Docket Entry No. 1004 ("Opp.").)  On December 23, 2020, Mr.

Lindsey filed his reply. The Court has reviewed the parties' submissions carefully and, for the following reasons, Mr. Lindsey's Motion is denied.

## DISCUSSION

Mr. Lindsey seeks an order directing his compassionate release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 116-252).[1] The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction. The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A). United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The Court's consideration of the section 3553(a) factors at the time of Mr. Lindsey's sentencing hearing, on May 15, 2015, is reflected in the transcript of that hearing.

---

[1] The Government does not dispute that Mr. Lindsey has satisfied section 3582(c)(1)(A)'s exhaustion requirement. (See Motion at ECF pages 20-30.)

(Docket Entry No. 398 ("Sent. Tr.").)[2]  As to the nature and circumstances of the offense, the Court noted that Mr. Lindsey was a part of a large drug conspiracy and was being held accountable for between one and three kilograms of heroin, a "very large, significant" quantity, though he was a "fairly low-level distributor who dealt in small quantities of bricks of heroin broken out from larger kilogram quantities." (Id. at 33.)  The Court also considered the circumstances of Mr. Lindsey's "troubled and unstable" childhood, his history of substance abuse and family tragedies, and his criminal history (including eight prior adult convictions for serious offenses, among them firearms and robbery offenses).  (Id. at 33-35.)  The Court then weighed "the need for both specific and general deterrence as well as proper punishment and the need for the sentence to address public protection[.]"  (Id. at 36.)  In light of those factors, as well as Mr. Lindsey's family's faith in him and his sincere expressions of remorse, the Court sentenced Mr. Lindsey to a term of 164 months incarceration, a "slight downward variance" from the applicable guidelines range (188 to 235 months of imprisonment), to be followed by a six-year term of supervised release.  (Id. at 32-38.)

In the approximately five and one half years since Mr. Lindsey's sentencing, he has completed programs in drug abuse, life skills, general wellness, and parenting, among others.

---

[2]  The sentencing factors set forth in 18 U.S.C. section 3553(a) are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy statement [issued by the Sentencing Commission in effect on the date the defendant is sentenced]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense."  18 U.S.C.A. § 3553(a) (Westlaw through P.L. 116-252).

(Motion at ECF pages 4-14.)  He has twice been disciplined (for assault without serious injury, and for allegedly fighting with another person), though he has received no disciplinary infractions since August 2017.  (Opp. Ex. F.)  The Court considers these facts in weighing Mr. Lindsey's history and characteristics for purposes of this Motion.  In connection with section 3553(a)(2), the Court also considers that Mr. Lindsey, who was arrested on April 15, 2013, has served approximately 92 and one half months of his 164-month custodial sentence.

With these section 3553(a) factors in mind, the Court next considers whether Mr. Lindsey's proffered extraordinary and compelling reasons—the spread of COVID-19 at USP Canaan, and his family circumstances—warrant a reduction in Mr. Lindsey's sentence.  18 U.S.C.A. § 3582(c)(1)(A).

Mr. Lindsey first seeks a reduction in his sentence based on the effects of COVID-19 on USP Canaan (Motion at 1; Reply at 1-2), where, the BOP reports, seven inmates and two staff members are currently positive for COVID-19.  BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited January 4, 2021).[3]  An additional 37 staff members and 164 inmates at USP Canaan have contracted but recovered from the virus.  Id.  Mr. Lindsey reports in his reply brief dated December 23, 2020, that he is one of those who has contracted the virus, writing: "I have now got COVID-19 . . . as of yesterday I'm feeling much better than the [beginning] when they [first] told me I was positive."  (Reply at 1-2.)  He also reports that his nose is still "kind of stuffy," but that he is "doing better."  (Id. at 2.)  Mr. Lindsey does not claim that he has received inadequate medical care at USP Canaan.

---

[3]   Mr. Lindsey, who is 40 years old, does not claim to suffer from any health conditions which place him at a higher risk of severe illness from COVID-19.  (See Opp. at 4 n.3.)

The Court is heartened to hear that Mr. Lindsey's condition since contracting COVID-19 has improved. While certainly serious, however, an inmate's having contracted COVID-19, standing alone, does not qualify as an "extraordinary and compelling" circumstance warranting a reduction in sentence. See, e.g., United States v. Zubkov, 460 F. Supp. 3d 450, 455 (S.D.N.Y. 2020) (denying motion for compassionate release brought by inmate with COVID-19 whose condition was "stable," and who presented no credible evidence that his medical care was inadequate); United States v. Perez, No. 04-CR-937-1 (NRB), 2020 WL 4677586, at *1 (S.D.N.Y. Aug. 11, 2020) ("While it is unfortunate that defendant suffered from COVID-19 while in custody, contraction of a disease generally does not constitute an extraordinary and compelling basis for release.").[4]

Mr. Lindsey also seeks a reduction in his sentence based on his family circumstances. Specifically, Mr. Lindsey reports that his mother is "ailing"; that his girlfriend (and mother of his eldest daughter, who is ten years old) is incapacitated, by reason of her use of unspecified drugs, from caring for his daughter; and that his girlfriend's mother (who has also served as his daughter's caretaker) is "in and out of the hospital." (Motion at 1-3.)[5]

The Court acknowledges that "the need to care for one's aging and sick parent," or one's child, "may, in certain circumstances, warrant a finding that an extraordinary and compelling reason exists." United States v. Ayala, No. 16-CR-809 (VM), 2020 WL 6626015, at *1 (S.D.N.Y. Nov. 12, 2020) (quoting United States v. Yoda, No. 15-CR-95 (AJN), 2020 WL

---

[4]   The Court extends its best wishes for the remainder of Mr. Lindsey's recovery.

[5]   Mr. Lindsey attaches to his Motion a summons from a temporary custody proceeding in the Superior Court of New Jersey (Chancery Division, Family Part, Passaic County) dated December 27, 2017, concerning his daughter, in which it appears that his girlfriend sought joint custody of his daughter with his girlfriend's mother. (Motion at ECF pages 16-18.) The Motion does not reveal what came of that custodial proceeding.

5502325, at *2 (S.D.N.Y. Sept. 11, 2020)). However, courts generally require a showing of "'evidence from several sources' indicating that the defendant 'is the only available caregiver' for a family member in 'dire conditions,'" before concluding that "an extraordinary and compelling reason has been established." Ayala, 2020 WL 6626015, at *1 (quoting United States v. Lisi, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020)). In this case, Mr. Lindsey has not met his burden to show the extent of his mother's, girlfriend's, or daughter's need for care, or that there is no other family member or other caretaker capable of providing the necessary care. On the record before the Court, there is no showing that Mr. Lindsey's family's challenges constitute extraordinary and compelling circumstances that, alone or in the context of the other section 3553(a) factors, warrant a sentence reduction. See, e.g., United States v. Mojica, No. 19-CR-629 (CS), 2020 WL 6746478, at *1 (S.D.N.Y. Nov. 16, 2020) (denying motion for reduction in sentence brought by inmate based on "the need for him to help with his ailing mother and autistic son," where both had others caring for them, and noting that "hardship on the family almost always results from serious criminal conduct"); United States v. Cajigas, No. 08-CR-391 (VM), 2020 WL 6625210, at *3 (S.D.N.Y. Nov. 11, 2020) ("Cajigas has made no showing that his fiancé is unable to care for their daughter without him, and indeed she has been doing so over the past few months, albeit with difficulty."); United States v. John, No. 15-CR-208 (CM), 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020) ("As for John's argument that he should be released early to help his wife who is struggling to care for their young children and his unwell and aging parents, it is truly unfortunate . . . but that does not constitute an extraordinary and compelling reason to shorten his otherwise justly deserved sentence.").

       Having considered the relevant facts and applicable section 3553(a) factors, the circumstances at the facility in which Mr. Lindsey is currently in custody, and his family

circumstances, the Court concludes that the sentence imposed on Mr. Lindsey remains appropriate and consistent with section 3553(a), and that extraordinary and compelling reasons do not warrant a reduction in Mr. Lindsey's sentence.

### CONCLUSION

For the reasons set forth above, Mr. Lindsey's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A) is denied. An Order on Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) will also be entered. Chambers will mail copies of this Memorandum Order and the Order on Motion for Sentence Reduction to Mr. Lindsey.

Docket Entry No. 995 is resolved.

SO ORDERED.

Dated: New York, New York
         January 4, 2021

/s/ Laura Taylor Swain<br>LAURA TAYLOR SWAIN<br>United States District Judge

**Copies mailed to:**[6]

---

[6] The BOP's website provides that mail for inmates at USP Canaan should be sent to "USP Canaan, U.S. Penitentiary, Smart Communications, P.O. Box 30, Pinellas Park, FL 33781." BOP, USP Canaan, https://www.bop.gov/locations/institutions/caa/ (last visited January 4, 2021). However, Court mailings sent to Mr. Lindsey (and others at USP Canaan) at that Florida address have been returned as undeliverable. Accordingly, the Court also sends copies of this Memorandum Order to a Pennsylvania address that Mr. Lindsey has provided, and to the Pennsylvania address of USP Canaan's Satellite Camp.

Rashin Lindsey
Reg. No. 68444-054
U.S. Penitentiary
Smart Communications
P.O. Box 30
Pinellas Park, FL 33781

Rashin Lindsey
Reg. No. 68444-054
USP Canaan F-1
P.O. Box 300
Waymart, PA 18472

Rashin Lindsey
Reg. No. 68444-054
USP Canaan
U.S. Penitentiary
Satellite Camp
P.O. Box 200
Waymart, PA 18472