UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                                                          No. 13-CR-271-LTS

RASHIN LINDSEY,

        Defendant.

-------------------------------------------------------x

ORDER

The Court has received Defendant Rashin Lindsey's pro se letter mailed on May 12, 2021 (docket entry no. 1127, the "Motion"), seeking reconsideration of the Court's Memorandum Order denying his motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A) (docket entry no. 1046, "Mem. Ord.").

A motion for reconsideration is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).[1] Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). To warrant reconsideration, the moving party bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a

---

[1] "Courts consider criminal motions for reconsideration under 'largely the same' standards as the equivalent civil motions." United States v. Nawaz, No. 16-CR-431 (AT), 2021 WL 664128, at *1 (S.D.N.Y. Feb. 19, 2021) (quoting United States v. Lisi, No. 15-CR-457 (KPF), 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020)).

clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

In his Motion, Mr. Lindsey seeks release principally in order to be more present in his children's lives, and specifically in the life of his eldest daughter, who is "from house to house" and "not doing well in school," and whose mother is using heroin. However, the Court considered Mr. Lindsey's family circumstances in its Memorandum Order (Mem. Ord at 5-6), and Mr. Lindsey has not shown an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice, sufficient to warrant reconsideration of that Order. In particular, Mr. Lindsey has not submitted any evidence, aside from his own statement that his daughter's mother's heroin problem is "really bad," that his daughter's mother is fully incapacitated from caring for his daughter, or that no other family member or caretaker is capable of providing his daughter the necessary care. As set forth in the Court's Memorandum Order, absent such a showing, courts generally do not grant compassionate release based on the need to care for one's parent or child. (Mem. Ord. at 6 (collecting cases).)

The Court appreciates Mr. Lindsey's statements that he has changed during his time in custody, and that he has every intention of being a positive influence as "a father, brother, son, and a good friend" upon his release. However, the Court considered Mr. Lindsey's record in custody and stated intentions at sentencing and in its Memorandum Order and, for the reasons stated in that Order, the Court concludes that the sentence imposed on Mr. Lindsey remains appropriate and consistent with the factors set forth in 18 U.S.C. section 3553(a).

For the reasons stated above, Mr. Lindsey's motion for reconsideration is denied.

This Order resolves docket entry no. 1127.

Chambers will mail a copy of this Order to Mr. Lindsey.

SO ORDERED.

Dated: New York, New York
May 28, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copies mailed to:**

Rashin Lindsey
Reg. No. 68444-054
USP Canaan
P.O. Box 300
3057 Eric J. Williams Memorial Drive
Waymart, PA 18472